543 F.2d 359
 9 ERC 1191, 177 U.S.App.D.C. 212
 SEARS, ROEBUCK AND COMPANY, Petitioner,
v.
ENVIRONMENTAL PROTECTION AGENCY, Respondent.
TEXACO, INC., Petitioner,
v.
ENVIRONMENTAL PROTECTION AGENCY, Respondent.
NATURAL RESOURCES DEFENSE COUNCIL, INC., Petitioner,
v.
ENVIRONMENTAL PROTECTION AGENCY, Respondent.
 Nos. 73-2234, 74-1015, 74-1030, 74-1574, 74-1576, 74-1583,
74-1016, 74-1018, 74-1573, 74-1578, 74-1235.
 United States Court of Appeals,
District of Columbia Circuit.
 Aug. 26, 1976.
 
 Before MacKINNON and ROBB, Circuit Judges, and CHRISTENSEN,* United States Senior District Judge for the Middle District of Utah.
 PER CURIAM:
 
 
 1
 These consolidated cases arise out of rulemaking undertaken by the Environmental Protection Agency (EPA) pursuant to this court's opinion in Natural Resources Defense Council, Inc. v. Environmental Protection Agency, 154 U.S.App.D.C. 384, 475 F.2d 968 (1973). We here review the status of these cases and order that they all be suspended from consideration on the active docket until further order of the court. This court retains jurisdiction in all cases.
 
 I. THE PENDING CASES
 
 2
 There are three groups of cases, all challenging transportation controls of the EPA.
 
 
 3
 A. No. 73-2234 et al. challenge parking management regulations undertaken by the EPA. The lead case, No. 73-2234, was filed December 14, 1973. These regulations have been indefinitely suspended by the EPA, and the EPA considers them revoked (EPA Memorandum in 73-2234, filed April 15, 1976). Consideration of these regulations has been deferred by this court. District of Columbia v. Train, 172 U.S.App.D.C. 311, 521 F.2d 971, 980 n. 14 (1975), cert. granted, 426 U.S. 904, 96 S.Ct. 2224, 48 L.Ed.2d 829 (1976). The EPA may promulgate new parking management regulations, but indicates that pending Congressional action will govern the timing and content of the new regulations (EPA Memorandum in 73-2234, supra ).
 
 
 4
 B. No. 74-1016 et al. challenge fuel vapor recovery regulations of the EPA. The lead case was filed January 4, 1974. The EPA is currently revising these regulations and reports that "(i)t cannot be said with certainty when final regulations will be promulgated." Consideration of these regulations has also been deferred by this court. District of Columbia v. Train, supra, 521 F.2d at 980, n. 13.
 
 
 5
 C. No. 74-1235 et al. challenge EPA regulations on so-called "indirect sources," such as shopping centers and sports complexes. The lead case was filed February 14, 1974. The genesis of "indirect source" regulation lies in the EPA's Memorandum in support of its motion filed March 2, 1973 for modification of this court's order in Natural Resources Defense Council, Inc. v. Environmental Protection Agency, supra. The EPA reports that the EPA's indirect source regulation is "indefinitely suspended," faces presently pending Congressional action, and, thus, "the challenged regulation does not apply to the petitioners and it is most doubtful it ever will be applicable to them in its present form." (EPA Memorandum in No. 74-1235, filed April 23, 1976).
 
 II. RECENT COURT DECISIONS
 
 6
 In addition to the pending Congressional and EPA action that promise to affect these cases, several recently decided cases on EPA transportation control regulations are now pending Supreme Court review. It is likely that the final result in these decided cases will affect the timing and content of the regulations in the presently pending cases. District of Columbia v. Train, supra; Brown v. Environmental Protection Agency, 521 F.2d 827 (9th Cir. 1975), cert. granted, 426 U.S. 904, 96 S.Ct. 2224, 48 L.Ed.2d 829 (1976); State of Md. v. Environmental Protection Agency, 530 F.2d 215 (4th Cir. 1975), cert. granted, 426 U.S. 904, 96 S.Ct. 2224, 48 L.Ed.2d 829 (1976); Commonwealth of Va. v. Train, decided sub nom. District of Columbia v. Train, supra, cert. granted, 426 U.S. 904, 96 S.Ct. 2224, 48 L.Ed.2d 829 (1976).
 
 III. JURISDICTION
 
 7
 These cases have been on this court's docket for over two years without briefing or setting of oral argument. Given this period of time, and the suspensions, postponements and revisions currently affecting the contested regulations, the applicable law and regulations are completely unsettled. The cases, therefore, might be considered for dismissal without prejudice to bring suit upon promulgation of new regulations.
 
 
 8
 However, the jurisdiction of this court in these cases rests on 42 U.S.C. § 1857h-5(6)(1)(1970), which provides, with respect to petitions for review of promulgations, approvals, or actions by the EPA Administrator filed in the Circuit courts:
 
 
 9
 Any such petition shall be filed within 30 days from the date of such promulgation, approval, or action, or after such date if such petition is based solely on grounds arising after such 30th day.
 
 
 10
 The intent of Congress in this jurisdictional enactment was clearly to compel timely petitions for review. The pertinent Senate Report states:
 
 
 11
 In order to maintain the integrity of the time sequences provided throughout the Act, the bill would provide that any review sought must be filed within 30 days of the date of the challenged promulgation or approval.
 
 
 12
 S.Rep.No.91-1196, 91st Cong., 2d Sess. 41 (1970) (Entitled National Air Quality Standards Act of 1970).
 
 
 13
 Thus, if any of the present cases are dismissed, even without prejudice to renewal, the dismissed cases, on renewal, might be subject to valid jurisdictional challenge on the ground that the attack was not brought within the required 30 day period.
 
 IV. DISPOSITION
 
 14
 This court has accorded significant time and effort to these cases, to include substantial status hearings, consolidation and transfer of cases, designation of issues, and grouping of parties. The issues in these cases are complex and we conclude that to dismiss any of them, even without prejudice to renewal, would unnecessarily jeopardize the right of the petitioners to raise the same issues if it is ultimately decided to retain substantial portions of the existing regulations.
 
 V. ORDER
 Accordingly, it is ordered that:
 
 15
 1. These cases are all suspended from the active docket until further order of the court.
 
 
 16
 2. Part or all of the cases may be returned to active consideration on motion of a party, and for good cause shown.
 
 
 17
 3. Respondent's motion in No. 73-2234 to dismiss, presented in Respondent's Statement filed July 31, 1975, is denied.
 
 
 18
 4. The renewed motion in No. 73-2234 et al. of Petitioners Sears, Roebuck and Co. and Safeway Stores, Inc., that the challenged parking supply regulations be set aside, is denied (Motion appears in Memorandum of Sears, Roebuck and Co. and Safeway Stores, filed May 13, 1976).
 
 
 19
 So ordered.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. § 294(d)