**COAL CORPORATION OPERATING COMPANY OF AMERICA, a Delaware corporation; and Garland Coal and Mining Company, an Arkansas corporation, Plaintiffs,**

**v.**

**Donald HODEL, Secretary of the Department of Interior of the United States; and Jed Christensen, Acting Director for the Office of Surface Mining Reclamation and Enforcement of the Department of the Interior, Defendants.**

**No. CIV–86–2791–A.**

United States District Court, W.D. Oklahoma.

Sept. 18, 1987.

Richard W. Lowry, Donald K. Switzer, Thomas J. McGeady, Logan, Lowry, Johnston, Switzer, West & McGeady, Vinita, Okl., Bill Burkett, James Morris, III, Von Creel, Okla City, Okl., for plaintiffs.

William S. Price, U.S. Atty., Oklahoma City, Okl., Gerald A. Thornton, Sp. Asst. U.S. Atty., Office of Field Solicitor, U.S. Dept. of Interior, Knoxville, Tenn., Dianne M. Shawley, Office of the Solicitor, U.S. Dept. of the Interior, Washington, D.C., for defendants.

## ORDER

ALLEY, District Judge.

This case is before the Court for a decision based upon the parties' joint stipulation of facts after having been transferred here by the United States District Court for the Eastern District of Oklahoma. It arises out of the April 1984 assumption of direct enforcement of the Surface Mining Control and Reclamation Act (SMCRA), 30 U.S.C.A. § 1201–1328, in Oklahoma by the Office of Surface Mining and Enforcement (OSMRE) of the Department of the Interior. From April, 1982 until April, 1984, SMCRA had been enforced directly by the State of Oklahoma by means of the Oklahoma Permanent Regulatory Program.

The plaintiffs, both corporations engaged in the mining of coal in Oklahoma, allege that, in promulgating the Final Rule and Amended Regulation setting forth this transfer of enforcement authority, the defendants violated certain provisions of the Administrative Procedure Act (APA), 5 U.S.C.A. § 551, *et seq.* The requests for relief set forth by the plaintiffs are as follows: (1) a declaratory judgment stating that the Final Rule in question was a substantive rule of general applicability and future effect subject to the requirements of the APA; (2) a declaratory judgment that the Final Rule and Amended Regulation are void because they were promulgated in violation of the APA; (3) a declaratory judgment that any coal mine inspection and enforcement action taken pursuant

to the authority of the Final Rule and involving the plaintiffs or any other similarly situated coal operators is void; (4) an injunction to prevent the defendants from acting under the Final Rule and Amended Regulation; (5) an order directing the Final Rule and Amended Regulation to be rescinded; (6) costs and other proper relief.

On November 17, 1986, the United States District Court for the Eastern District of Oklahoma issued findings of fact and conclusions of law. The court held that it had no jurisdiction to review the acts in question and dismissed the plaintiffs' complaint. Subsequently, on December 16, 1986, the court amended its order to state that the issues raised by the plaintiffs were reviewable only in the Western District of Oklahoma, and it transferred the case here. This Court adopts the findings of fact set forth in Judge Cook's November 17, 1986 order and proceeds to an examination of the issues raised by the parties.

Judicial review of the Secretary of the Interior's approval or disapproval of state enforcement programs pursuant to SMCRA is governed by 30 U.S.C.A. § 1276(a)(1), which states:

> Any action of the Secretary to approve or disapprove a State program pursuant to this chapter shall be subject to judicial review by the United States District Court which includes the capital of the state whose program is at issue .... A petition for review of any action subject to judicial review under this subsection shall be filed in the appropriate Court within sixty days from the date of such action, or after such date if the petition is based solely on grounds arising after the sixtieth day ....

Before it was transferred to this Court, the defendants argued that, pursuant to 30 U.S.C.A. § 1276(a)(1), the case should be dismissed for two reasons: (1) the complaint concerns the disapproval of Oklahoma's enforcement program and was not filed in the district that includes its capital; (2) the complaint was not filed within sixty days of the Secretarial action at issue. Since the Western District of Oklahoma includes Oklahoma's capital, the defendants' first argument mooted by the transfer of the case here. This Court is willing to accept the transfer of the case to it as the equivalent of a "filing." However, the defendants' second argument remains to be considered.

■ The defendants' argument regarding the plaintiffs' failure to comply with the sixty day time limit of 30 U.S.C.A. § 1276(a)(1) is supported by the record and the applicable law. The Final Rule and Amended Regulation declaring that OSMRE would assume direct responsibility for the inspection and enforcement provisions of the Oklahoma Permanent Regulatory Program were published in the Federal Register on April 12, 1984. They became effective on April 30, 1984. The plaintiffs did not file their complaint until December 5, 1987, over seven months later.

The sixty day time limit for seeking judicial review of the Secretary's approval or disapproval of a state enforcement program pursuant to 30 U.S.C.A. § 1276(a)(1) has been held to be jurisdictional. *Montana v. Clark*, 749 F.2d 740, 742–744 (D.C. Cir.1984); *Utah International, Inc. v. Department of the Interior*, 553 F.Supp. 872, 878 (D.Utah 1982); *In re Surface Mining Litigation*, 456 F.Supp. 1301, 1307 (D.D.C. 1978), aff'd in part and rev'd in part on other grounds, 627 F.2d 1346 (D.C.Cir. 1980); *contra, Holmes Limestone Co. v. Andrus*, 655 F.2d 732 (6th Cir.1981) *cert. denied*, 456 U.S. 995, 102 S.Ct. 2280, 72 L.Ed.2d 1292 (1982). Thus, the filing of a complaint more than sixty days after the Secretarial action at issue does not vest a court with jurisdiction to hear it. *Utah International v. Department of the Interior*, 553 F.Supp. 872 at 878.

The plaintiffs argue that in spite of the fact that more than sixty days elapsed between the effective date of the Final Rule and Amended Regulation and the filing of their complaint, this Court has jurisdiction for two reasons. First, the plaintiffs maintain that the sixty day time limit of 30 U.S.C.A. § 1276(a)(1) is not jurisdictional, invoking *Holmes Limestone Co. v. Andrus, supra*. There, the Sixth Circuit held that a district court had power to review a challenge to a regulation issued pursuant to SMCRA in spite of the fact that the complaint was filed more than sixty days after the regulation was promulgated. The

Sixth Circuit opinion was that there were serious questions about the sixty day limit's propriety, so it should not be enforced without a clear statutory support that the court found to be lacking. *Id.* at 737–738.

This Court does not find this reasoning persuasive,[1] and declines to follow it. The language of 30 U.S.C.A. § 1276(a)(1) clearly requires a complaint challenging the Secretary of Interior's approval or disapproval of a state enforcement program to be filed within sixty days of the Secretary's action. There is no ambiguity in it. Similar time limitations in other statutes have been held to be jurisdictional. *See, e.g. Homestake Mining Co. v. Environmental Protection Agency,* 584 F.2d 862 (8th Cir.1978); *Sears Roebuck & Co. v. Environmental Protection Agency,* 543 F.2d 359 (D.C.Cir.1976).[2]

■ Alternatively, the plaintiffs argue that they have complied with the sixty day limit of 30 U.S.C.A. § 1276(a)(1) because they have challenged not only the promulgation of the Final Rule and Amended Regulation but their continued enforcement. The plaintiffs point to an amendment to 30 C.F.R. § 936.17, effective as of December 2, 1985, in which the Director of the OSMRE made certain findings concerning the status of Oklahoma's Permanent Regulatory program and established a schedule for returning enforcement authority to the State. According to the plaintiffs, since their complaint was filed three days after the effective date of this amendment, it was timely.

The Court also finds this argument unpersuasive. 30 U.S.C.A. § 1276(a)(1) provides that a petition for review of an action by the Secretary of Interior may be filed after sixty days from the date of such action only if the petition for review is based *"solely* on grounds arising after the sixtieth day" (emphasis supplied). Here, although the plaintiffs' complaint does include allegations that the defendants harassed the plaintiffs and arbitrarily and capriciously enforced the regulations in question, these allegations do not constitute the sole grounds of the plaintiffs' complaint. In fact, all of the vaiform relief requested by the plaintiffs pertains to the Final Rule and Amended Regulation, both of which became effective on April 30, 1984. Thus, the plaintiffs' allegations regarding the enforcement of the Final Rule and Amended Regulation do not render their complaint timely.

Because the plaintiffs did not file their complaint within sixty days of the effective date of the Final Rule and Amended Regulation, this Court finds that it does not have jurisdiction to review their claims and dismisses the action.

---

1. The reasoning of *Holmes Limestone* has been criticized by a number of other courts. *See e.g., Drummond Coal Co. v. Watt,* 735 F.2d 469, 472–476 (11th Cir.1984); *Montana v. Clark,* 749 F.2d 740, 743; *Utah International v. Department of the Interior,* 553 F.Supp. 872, 877–878.

2. *Associated Industries of New York State v. Department of Labor,* 487 F.2d 342 (2d Cir.1973), cited by the plaintiffs for the proposition that an analogous sixty day limitation in the Occupational Health and Safety Act is not jurisdictional, is inapposite. There the Second Circuit held only that the plaintiff's failure to challenge within sixty days certain regulations promulgated in 1971 did not bar it from challenging related regulations promulgated in 1973 within sixty days of the date on which the latter were issued. *Id.* at 350–351.