876 F.2d 860
 19 Envtl. L. Rep. 21,284
 COAL CORPORATION OPERATING COMPANY OF AMERICA, a Delaware
corporation; and Garland Coal and Mining Company,
an Arkansas corporation, Plaintiffs-Appellants,
v.
Donald HODEL, Secretary of the Department of Interior of the
United States; and Jed Christensen, Acting Director for the
Office of Surface Mining Reclamation and Enforcement of the
Department of the Interior, Defendants-Appellees.
 No. 87-2554.
 United States Court of Appeals,
Tenth Circuit.
 June 6, 1989.
 
 Donald K. Switzer (Thomas J. McGeady, of Logan, Lowry, Johnston, Switzer, West & McGeady, Vinita, Okl., with him on the brief), of Logan, Lowry, Johnston, Switzer, West & McGeady, Vinita, Okl., for plaintiffs-appellants.
 Myles E. Flint (Dirk D. Snel, Alfred T. Ghiorzi, and Elizabeth Ann Peterson, Attys., Dept. of Justice, Land & Natural Resources Div., Washington, D.C., with him on the brief), Deputy Asst. Atty. Gen., for defendants-appellees.
 Before McWILLIAMS, TACHA, and EBEL Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 This is an appeal from an order of the district court, 669 F.Supp. 362 (1987), dismissing the case for lack of subject matter jurisdiction.[1] On April 12, 1984, after notice and hearings as prescribed by statute, the Secretary of the Interior published a finding that the Oklahoma program for regulating surface coal mining and reclamation was not being adequately enforced by the State. Effective April 30, 1984, the Office of Surface Mining Reclamation and Enforcement of the Department of the Interior assumed responsibility for the surface coal mine inspection and enforcement program of the State of Oklahoma. The plaintiffs in this case filed this action in December of 1985 to challenge the April 1984 decision by the Secretary of the Interior. Section 526(a) of the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. Sec. 1276(a), clearly requires that a petition for review for any such action must be filed within sixty days from the date of the Secretary's order. We agree with the district court that this sixty-day limitation period is jurisdictional and that the plaintiffs' action is time-barred. We affirm the district court's order of dismissal.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument